```
         D4LAASEGP                     Plea

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4              v.                                  13 CR 216 (TPG)

 5    EDMUND JOHN SEGGERMAN,

 6                   Defendant.

 7    ------------------------------x

 8                                              New York, N.Y.
                                                March 21, 2013
 9                                              4:20 p.m.

10
      Before:
11
                         HON. THOMAS P. GRIESA,
12
                                                District Judge
13
                              APPEARANCES
14
      PREET BHARARA
15         United States Attorney for the
           Southern District of New York
16    STANLEY OKULA
           Assistant United States Attorney
17
      FRANK AGOSTINO
18         Attorney for Defendant Seggerman

19

20

21    ALSO PRESENT:  JUSTIN CHRISTMAN, IRS Agent

22

23

24

25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

1                 (Case called)
2                 MR. OKULA:  Stanley Okula, for the United States.
3                 Good afternoon, your Honor.
4                 MR. AGOSTINO:  Frank Agostino, for the defendant.
5                 THE COURT:  What is the application?
6                 MR. OKULA:  I think the application, your Honor, is
7     for the defendant to withdraw his previously entered plea of
8     not guilty which was entered before the magistrate judge this
9     morning and plead guilty to the three counts in the criminal
10    information.
11                THE COURT:  Keep seated.  The microphones don't reach
12    very well if you stand.
13                Can I question your client?
14                MR. AGOSTINO:  Yes, your Honor.
15                THE COURT:  All right.  Mr. Seggerman, how old are
16    you?
17                THE DEFENDANT:  49 years old.
18                THE COURT:  All right.  And you are represented by
19    your attorney, Frank Agostino?
20                THE DEFENDANT:  Yes.
21                THE COURT:  And you are satisfied with his
22    representation and his advice?
23                THE DEFENDANT:  Yes.
24                THE COURT:  Are you under the influence of any alcohol
25    or narcotics as you appear here?

1              THE DEFENDANT:  No.
2              THE COURT:  Have you been subjected to any force or
3     any threats to get you to plead guilty?
4              THE DEFENDANT:  No.
5              THE COURT:  Did you sign a plea agreement today,
6     Mr. Seggerman?
7              THE DEFENDANT:  Yes, I did.
8              THE COURT:  Did you sign also, Mr. Agostino?
9              MR. AGOSTINO:  Yes, sir.
10             THE COURT:  Did you go over it with your client
11    thoroughly?
12             MR. AGOSTINO:  Yes, sir.
13             THE COURT:  All right.  Now, I think this might be
14    more efficient if the assistant summarized the indictment.  I
15    am not familiar with it at all.  Would you do that?
16             MR. OKULA:  I'd be happy to, your Honor.  It is a
17    three count criminal information charging --
18             THE COURT:  Keep seat, please.
19             MR. OKULA:  -- charging in Count One a conspiracy to
20    defraud the United States as well as to subscribe to false and
21    fraudulent income tax returns.
22             Count Two charges the defendant with subscribing to a
23    false and fraudulent estate tax return for the estate of his
24    father.  That estate tax return was filed in 2002.
25             And Count Three charges the defendant in a single

1    count with subscribing to false and fraudulent personal income
2    returns for the tax years 2002 through 2008.
3            Just to describe in some more detail Count One, the
4    conspiracy charged in Count One, basically, involves
5    allegations that the defendant together with other members of
6    his family, as well as certain professionals, including an
7    individual named Michael Little who is a United Kingdom lawyer,
8    as well as a Swiss lawyer, conspired to defraud the United
9    States in a number of ways including keeping offshore millions
10   of dollars of the defendant's father's assets that belonged in
11   his estate.  And the conspiracy was to, basically, hide those
12   assets after the defendant's father passed away and not to
13   report those assets on the estate tax return that had to be
14   filed for the defendant's father's estate.
15           It was a further aspect of the conspiracy to maintain
16   and hide from the IRS secret undeclared Swiss bank accounts and
17   other foreign accounts that were set up for the defendant, his
18   siblings and others with certain of the assets that were left
19   from his father's assets.
20           Pursuant to that agreement the defendant maintained a
21   secret undeclared Swiss bank account, conspired with others to
22   discuss how to bring money back into the United States without
23   reporting it to the IRS and assigned false tax returns in
24   furtherance of the scheme.
25           So that's, basically, a description of the three

1   charges, your Honor.

2   THE COURT:  Do you understand those to be the charges
3   Mr. Seggerman?

4   THE DEFENDANT:  Yes, sir.

5   THE COURT:  OK.  Now, I am not going to go into the
6   details of sentencing laws and the other consideration but just
7   to summarize what the statute provides and that summary is
8   actually contained in the first page of the plea agreement.

9   Anyone convicted of the charge in -- as state as of --
10  what is charged in Count One can be sentenced to prison for a
11  term of up to five years and followed by a supervised release
12  term of up to three years and can be fined $250,000 or even
13  more.  Anyone who is convicted of what's charged in Count Two
14  and Count Three, each of those counts carry a maximum sentence
15  of three years imprisonment and a maximum possible supervised
16  release term of one year and a possible $250,000 fine or even
17  more.  And each count anyone convicted on each count must pay a
18  on each count of a hundred dollar special assessment.  Do you
19  understand what I've told you?

20  THE DEFENDANT:  Yes, sir.

21  THE COURT:  Now, do you understand that the exact
22  sentence to be imposed if you plead guilty is up to me to
23  decide and that decision must come at a future time.  It cannot
24  be made today.  And I must get a full report about your
25  background and, of course, be fully informed by the laws and

1   legal considerations regarding the sentence and I would need to
2   hear from the lawyers and from you.  And none of that can be
3   done this afternoon.  Do you understand?
4           THE DEFENDANT:  Yes, sir.
5           THE COURT:  Let me ask you some questions to make sure
6   that you understand the rights you are giving up by pleading
7   guilty.  Do you understand that you do not need to plead
8   guilty?  You can maintain a plea of not guilty and go to trial.
9   Do you understand that?
10          THE DEFENDANT:  Yes, I do.
11          THE COURT:  And at that trial in order to obtain a
12  conviction, the government must prove your guilt to a jury
13  beyond a reasonable doubt.  Do you understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  And at that trial you'd have a right to a
16  lawyer and you'd have a right to a lawyer on any appeal and
17  you'd have a right to have the government pay for your lawyer
18  at any time you could not pay for one yourself.  Do you
19  understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  And at that trial your lawyer would have
22  the right to cross-examine all government witnesses and to
23  obtain court orders and bring in any witnesses who might help
24  you.  Do you understand that?
25          THE DEFENDANT:  Yes.

1          THE COURT:  You, yourself would have a right to remain
2     silent at that trial.  You wouldn't need to confess anything,
3     admit anything or even testify.  Do you understand that?
4          THE DEFENDANT:  Yes, I do.
5          THE COURT:  But if you plead guilty there will be no
6     trial.  You will be convicted on the basis of your own plea and
7     your own admission and you'll need to tell me in your own words
8     what you did to commit the offenses charged here.  And you'll
9     need to make all statements in that regard truthfully or else
10    you'll be guilty of a new crime of false statement.  Do you
11    understand that?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  If you still wish to plead guilty would
14    you tell me in your own words what you did to commit the
15    offenses charged here.
16         THE DEFENDANT:  Yes, your Honor.  I was an executor of
17    my father's estate.  My co-executors included my brothers and
18    sisters.  The executors, co-executor agreed to omit my father's
19    foreign bank accounts from my father's state tax return.  I
20    willfully signed the false state tax return for my father.  I
21    was also aware that Michael Little and Walter Mullhaupt
22    invested the money inherited from my father in offshore
23    accounts.  My siblings and I inherited these foreign accounts.
24    To avoid discovery of our failure to report my father's foreign
25    accounts under the state tax return my siblings and I agreed

1  not to include our foreign accounts on our personal income tax
2  returns.  I willfully signed false income tax returns for '02
3  through '08 which did not clear the income generated by my
4  foreign accounts.
5          THE COURT:  All right.  Is that a sufficient
6  allocution?
7          MR. OKULA:  I believe it is, your Honor.
8          THE COURT:  I think it's so.
9          MR. OKULA:  Your Honor I just wanted to add one or two
10 more things.  I may have misheard.  But with respect to the
11 penalties that the defendant faces under the tax statutes with
12 which the defendant's charged in Count Two and Three there are
13 mandatory costs of prosecution that are mandated by statute and
14 that's one penalty.  There's also restitution that's mandatory
15 with respect to Count One and I think the defendant acknowledge
16 that he is aware of those penalties is important for the
17 allocution.
18         THE COURT:  Are you aware of what the assistant has
19 just said?
20         MR. AGOSTINO:  Yes, I am.
21         THE COURT:  All right.  I accept the plea and find
22 that it's factually based and voluntary.
23         And for control purposes, the sentence is set for
24 September 27, 2013 at 4:30 in the afternoon in this room.
25         Anything else?

```
D4LAASEGP                Plea
```

1          MR. AGOSTINO:  No, your Honor.

2          MR. OKULA:  No, your Honor.  Thank you.

3          THE COURT:  Thank you.

4                          (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25